**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 296.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. ALLISON.

[Cite as *Disciplinary Counsel v. Allison*, 2000-Ohio-76.]

*Attorneys at law—Misconduct—Two-year suspension with second year of suspension stayed on condition—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Charging an illegal or clearly excessive fee—Failure to promptly pay or deliver client's funds.*

(No. 00-782—Submitted July 6, 2000—Decided November 8, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-32.

———————————

{¶ 1} On June 7, 1999, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Paul Wesley Allison of Fostoria, Ohio, Attorney Registration No. 0009604, with violating a number of Disciplinary Rules while representing a decedent's estate in Seneca County. Respondent failed to answer the complaint, and relator filed a motion for default, which was referred to Master Commissioner Harry W. White.

{¶ 2} Based on the complaint and a deposition of the respondent, the master commissioner found that the complaint centered on respondent's representation of the estate of Lee W. Munro, who died December 11, 1996. After the decedent's sister disclaimed any right to inherit, her son and a Charles E. Hohman, decedent's nephew, became the sole heirs of the estate. The probate court appointed Mr. Hohman commissioner and fiduciary of the estate, while respondent served as attorney for the estate.

**{¶ 3}** The master commissioner further found that after Hohman established a checking account for the estate on which only he had signature authority, respondent persuaded Hohman to provide him with estate account checks that Hohman signed, but otherwise left blank. In January 1997, Hohman issued a check to the respondent in the amount of $1,000 for legal fees for work on the estate. In addition, he issued four estate-account checks payable to the respondent in the amounts of $500, $1,000, $2,000, and $2,500, for a total amount of $6,000. Hohman signed at least two of those checks in blank.

**{¶ 4}** In a report of distributions from the estate filed with the Seneca County Probate Court, respondent indicated that he had received only $1,000 as attorney fees for work on the estate. In the report, respondent did not include any reference to three of four checks made payable to him and listed the $2,500 check as a payment to the heir. The probate court approved the report as filed but did not approve legal fees in excess of $1,000. In December 1997, respondent agreed to repay the $6,000 in excess of the $1,000 fee approved by the probate court, but by January 28, 2000, respondent had not repaid any portion of the $6,000 sum.

**{¶ 5}** The master commissioner concluded that respondent's misconduct violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), DR 2-106(A) (charging an illegal or clearly excessive fee), and DR 9-102(B)(4) (failure to promptly pay or deliver client's funds).

**{¶ 6}** The master commissioner recommended that the respondent be suspended from the practice of law for a period of two years with one year stayed upon the condition that the $6,000 be repaid.

**{¶ 7}** The board adopted the findings, conclusions, and recommendation of the master commissioner, with the added provision that the one-year stay be

conditioned upon repayment being made during the first year of the two-year suspension.

––––––––––––––

*Jonathan E. Coughlan*, Disciplinary Counsel, *John K. McManus* and *Stacy Solochek Beckman*, Assistant Disciplinary Counsel, for relator.

––––––––––––––

*Per Curiam*.

**{¶ 8}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for a period of two years, with the second year of the suspension stayed upon repayment of the sum of $6,000 within the first year of the suspension. Failure to repay the full amount within one year will result in the reinstatement of respondent's stayed suspension. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––